2023 IL App (2d) 230345-U
No. 2-23-0345
Order filed December 6, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-540 |
| AARON T. ROBINSON, | ) ) | Honorable Marcy Buick, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Hutchinson and Kennedy concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court did not err in denying the defendant's pretrial release.

¶ 2    The defendant, Aaron T. Robinson, was charged with aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2022)) and two counts of domestic battery (720 ILCS 5/12-3.2(a)(2) (West 2022)).  The charges arose from the defendant physically attacking his partner, Cierra, who is also the mother of his nine-year-old son.  According to the police report of the alleged incident, the defendant pushed Cierra into a wall, causing shelves to fall and break.  He also strangled Cierra, causing her to briefly lose consciousness.

¶ 3 The State filed a verified petition to deny defendant's pretrial release pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). The petition alleged that the defendant posed a real and present threat to Cierra's safety that could not be mitigated by any combination of conditions of pretrial release.

¶ 4 At the detention hearing on the State's petition, the State pointed out that, at the time the alleged attack occurred, the defendant was on a diversion program for another domestic battery case involving Cierra. In that case, the defendant allegedly punched Cierra in the head and grabbed her by the arms, causing her arms to bruise.

¶ 5 Following a hearing, the trial court granted the State's petition and entered a written order of pretrial detention. The defendant filed a timely appeal.

¶ 6 This appeal is brought pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date of Act as September 18, 2023).

¶ 7 The Act abolished traditional monetary bail in favor of pretrial release on personal recognizance or with conditions of release. 725 ILCS 5/110-1.5, 110-2(a) (West 2022). In Illinois, all persons charged with an offense are eligible for pretrial release. 725 ILCS 5/110-2(a), 110-6.1(e) (West 2022). Pretrial release is governed by article 110 of the Code as amended by the Act. 725 ILCS 5/110-1 *et seq.* (West 2022). Under the Code, as amended, a defendant's pretrial release

_____

[1]The Act has been referred to as the "SAFE-T Act" or the "Pretrial Fairness Act." Neither of those names is official, as neither appears in the Illinois Compiled Statute or the public act. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

may only be denied in certain statutorily limited situations (qualifying offenses). 725 ILCS 5/110-2(a), 110-6.1 (West 2022). For most of the qualifying offenses, upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove, by clear and convincing evidence, that: (1) the proof is evident or the presumption great that the defendant has committed a qualifying offense (725 ILCS 5/110-6.1(e)(1) (West 2022)); (2) the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community (compare 725 ILCS 5/110-6.1(a)(1), (a) (3)-(7), and (e) (West 2022) with 725 ILCS 5/110-6.1(a)(2) (West 2022) (allowing detention only with a real and present threat to the safety of the victim where the qualifying offense is stalking or aggravated stalking)); and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or prevent the defendant's willful flight from prosecution (725 ILCS 5/110-6.1(e) (West 2022)).

¶ 8    In order to reverse a trial court's finding that the State presented clear and convincing evidence showing that mandatory conditions of release would fail to protect any person or the community, the reviewing court must conclude that the trial court's findings were against the manifest weight of the evidence. See *In re C.N.*, 196 Ill. 2d 181, 208 (2001) (setting a similar standard of review for requirement of clear and convincing evidence by the State in juvenile proceedings). "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008).

¶ 9    The defendant's first argument is that the State was required to present more than just the police report to establish clear and convincing evidence of his alleged misconduct. The defendant complains that the State did not present any testimony, show that the police conducted any

investigation to corroborate Cierra's allegations, talk to him about the allegations, or submit any photos or bodycam evidence.

¶ 10    The defendant is essentially asking us to determine that the State was obligated to present more evidence than the Act requires.  Section 6.1(f)(2) of the Act provides that the State "may present evidence at the hearing by way of proffer based on reliable information." (725 ILCS 5/110-6.1(f)(2) (West 2022)).  The Act explains that the evidence required at a detention hearing is less than would be required at trial.  See 725 ILCS 5/110-6.1(f)(4) (West 2022) (the pretrial detention hearing is not to be used for purposes of discovery, and the post arraignment rules of discovery do not apply); see also 725 ILCS 5/110-6.1(f)(5) (West 2022) (the rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing).  As such, the Act requires that the evidence be reliable, not that it be equivalent to what would be required at trial.  The evidence that the State submitted in this case met that standard.  We decline the defendant's implicit invitation to require the State to present any more evidence than that. See *People v. Hardman*, 2017 IL 121453, ¶¶ 31-33 (court will not depart from the plain statutory language by adding to it requirements that are not found in the statute).

¶ 11    The defendant's second argument is that the State failed to present clear and convincing evidence that the defendant posed a threat to anyone.  The defendant acknowledges that he was currently on a term of diversion for domestic battery against Cierra stemming from a 2022 incident, but he argues that was insufficient to show that he posed a threat to anyone because Cierra did not indicate to the court that she felt threatened by the defendant.

¶ 12    Again, the defendant is trying to add a requirement that is not mandated by the Act.  As noted above, the State was not required to provide any testimony to support its petition.  Further, if the defendant wanted Cierra to testify on his behalf, the Act allows him to petition the court for

permission to compel the complaining witness to testify. 725 ILCS 5/110-6.1(f)(4) (West 2022). As the defendant filed no such petition, he cannot now complain that he was prejudiced by Cierra's failure to testify on his behalf. See *People v. Johnson*, 238 Ill. 2d 478, 484 (2010) (defendant forfeits appellate review of issue that he did not raise before the trial court).

¶ 13    The defendant's final contention is that the State failed to meet its burden to show that no condition or combination of conditions could mitigate any perceived threat to Cierra's safety. The defendant insists that the State failed to show that a no-contact order or electronic home monitoring would not have been sufficient under the circumstances.

¶ 14    The defendant's argument would be somewhat more persuasive if he was not already on pretrial release for another alleged battery against Cierra. As the defendant allegedly committed the instant offense while he was already under a no-contact order for another alleged battery, the trial court's determination that another no-contact order or electronic home monitoring would not be sufficient under the circumstances of this case was not against the manifest weight of the evidence.

¶ 15    Accordingly, we affirm the judgment of the circuit court of De Kalb County.

¶ 16    Affirmed.