2023 IL App (2d) 230330-U
No. 2-23-0330
Order filed December 19, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-2049 |
| MARCO MENDOZA-CAMARGO, | ) ) | Honorable Salvatore LoPiccolo, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Schostok and Kennedy concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The trial court did not err in denying the defendant's pretrial release. Affirmed.

¶ 2     Defendant, Marco Mendoza-Camargo, appeals the September 26, 2023, order of the Kane County circuit court granting the State's petition for pretrial detention pursuant to 725 ILCS 5/110-6.1 (West 2022). On appeal, defendant argues that: (1) the State did not prove by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the offenses charged; (2) the State did not prove by clear and convincing evidence that defendant poses a real and present threat to the safety of any person or persons or the community, based on

specific, articulable facts; (3) the State did not prove by clear and convincing evidence that no condition or combination of conditions would mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or the defendant's willful flight; and (4) the court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor. For the following reasons, we affirm.

¶ 3                                I. BACKGROUND

¶ 4     On September 26, 2023, defendant, Marco Mendoza-Camargo, was charged with two counts of aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2022)) and two counts of aggravated battery to a pregnant person (720 ILCS 5/12-3.05(d)(2) (West 2022)). That same day, the State filed a verified petition to deny defendant's pretrial release pursuant to 725 ILCS 5/110-6.1 (West 2022). In its petition, the State argued that defendant should be denied pretrial release because he was charged with a forcible felony as listed in 725 ILCS 5/110-6.1(a)(1.5) (West 2022) and the defendant's pretrial release poses a real and present threat to the safety of any person or persons in the community; and because the defendant was charged with domestic battery or aggravated domestic battery under section 12-3.2 or 12-3.3 of the Criminal Code of 2012 and the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community.

¶ 5     A hearing was held on the State's petition for pretrial detention on September 26, 2023. In support of its petition, the State proffered the police synopsis prepared by the Aurora Police Department. The synopsis related that on September 25, 2023, at approximately 5:50 AM, Aurora police officers responded to 705 N. May St. in reference to a domestic battery. Upon arrival on

scene, officers met with the alleged victim, Yuliana Garcia Zamudio, who had visible red marks on her neck and right arm. Zamudio was also four months pregnant at the time of this incident. As she was complaining of dizziness, Zamudio was transported to Mercy Hospital for medical attention. Officers then contacted defendant, who advised officers that he had no idea why they were there, and perhaps it was due to Zamudio being pregnant. Defendant denied arguing with Zamudio and denied any physical altercation. As defendant had two active warrants, he was placed into custody for the warrants and for domestic battery.

¶ 6    Officers then went to Mercy Hospital to speak to Zamudio. She told officers that defendant had been drinking all night. She told him to stop drinking and then went into the bedroom where her two-year-old son was sleeping. Defendant followed her into the bedroom and began to yell at her. He proceeded to grab her by the throat with one hand and pulled her hair with the other hand. Zamudio asked defendant to stop. Defendant responded by saying, "I hope you and the baby die." After defendant held pressure to her throat for approximately one minute, Zamudio was able to break free.

¶ 7    In the State's argument in support of their petition, they acknowledged the conflicting statements of victim and defendant but argued that defendant's story was simply not plausible. The State then laid out defendant's criminal history, specifically emphasizing multiple failures to appear and multiple bond violations by defendant.

¶ 8    Defense counsel offered in mitigation that defendant is employed full-time and is the sole breadwinner for his household. Counsel also indicated that defendant had an alternative place to stay during the pendency of the case. Counsel then went on to argue that the police synopsis alone was not clear and convincing evidence, especially due to the conflicting statements of victim and

defendant. Counsel then closed by pointing out defendant's criminal history is largely non-violent and there are conditions of pretrial release that would mitigate the threat of harm to the victim.

¶ 9　The trial court then granted the State's petition and entered a written order of pretrial detention. On September 29, 2023, the defendant filed a timely notice of appeal under Illinois Supreme Court Rule 604(h)(1)(iii) (eff. Sept. 18, 2023).

¶ 10　　　　　　　　　　　　　　　II. ANALYSIS

¶ 11　This appeal is brought pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date of Act as September 18, 2023). The Act abolished traditional cash bail in Illinois, instead, opting for a system of presumptive pretrial release. 725 ILCS 5/110-1.5, 110-2(a) (West 2022). Under the Act, it is presumed that all defendants are entitled to pretrial release. 725 ILCS 5/110-2(a) (West 2022). A defendant may only be denied pretrial release in certain statutorily enumerated circumstances and after the court has held a hearing under section 110-6.1 of the Act. 725 ILCS 5/110-2(a), 110-6.1 (West 2022).

¶ 12　To meet their burden at this hearing, the State must prove by clear and convincing evidence that: (1) the proof is evident or the presumption great that the defendant has committed an offense that qualifies for pretrial detention; (2) the defendant poses a real and present threat to the safety of any person or persons in the community based on the specific and articulable facts of the case; and (3) no condition or combination of conditions of pretrial release can mitigate the real and present threat to the safety of any person or persons in the community, based on the specific and articulable facts of the case. 725 ILCS 5/110-6.1(e).　If a defendant is denied pretrial release, he or she is entitled to appeal the order under the Act. 725 ILCS 5/110-6.1(j) (West 2022).

¶ 13    There is currently a disagreement amongst the districts as to the proper standard of review to apply to a trial court's detention order. Some districts have found that these orders should not be reversed unless the trial court abused its discretion. *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11.  Other districts have applied a two-fold review where manifest-weight review is applied to the trial court's factual findings and then the trial court's ultimate detention determination is reviewed for abuse of discretion. *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 10. We need not decide which standard of review is to apply, as under either standard, we reach the same result.

¶ 14    "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *In re Jose A.*, 2018 IL App (2d) 180170, ¶ 17. "An abuse of discretion occurs when the circuit court's decision is arbitrary, fanciful or unreasonable, or where no reasonable person would agree with the position adopted by the [circuit] court." (Internal quotation marks omitted.) *Inman*, 2023 IL App (4th) 230864, ¶¶ 10.

¶ 15    Defendant first asserts that the State failed to prove by clear and convincing evidence that the proof is evident or the presumption is great that he committed the offenses charged. He claims that the synopsis alone is not clear and convincing evidence, and that to meet their burden, the State would need to provide photos or some other additional evidence. However, defendant does not cite to any authority to support his assertion that photographs or additional evidence were necessary for the State to meet its burden. Without any support, defendant's argument fails.

¶ 16    We have recently addressed this issue in *People v. Robinson*, 2023 IL App (2d) 230345-U. In *Robinson,* we observed that the plain language of the Act only requires that the State "may present evidence at the hearing by way of proffer based on reliable information." 725 ILCS 5/110-6.1(f)(2) (West 2022). The Act goes on to explain that the evidence required at a detention hearing

is less than what would be required at a trial. See 725 ILCS 5/110-6.1(f)(2), (f)(4), (f)(5) (West 2022).

¶ 17    Here, as in *Robinson*, the evidence the State submitted was reliable. The synopsis was signed by the responding officer and notarized. Defendant seems to be arguing that because he denied wrongdoing to the officers, and his denial was noted in the synopsis, the synopsis was not reliable. This argument is not persuasive. The synopsis notes that in addition to Zamudio's statement, the officers also observed red marks on her neck and arm, which corroborate her version of events. There is no such corroboration to defendant's statements. If defendant wishes to pursue his argument further, he may do so at trial. At this stage, we find the synopsis to be reliable and that the State met their burden. We decline to require the State to present any more evidence than required by the Act.

¶ 18    Next, defendant argues that the State failed to prove by clear and convincing evidence that defendant poses a real and present threat to the safety of Zamudio based on the specific, articulable facts of the case. We disagree. In his notice of appeal, defendant asserts that the State relied on the seriousness of the charges along with defendant's unrelated driving offenses. However, a review of the record shows that the State referenced the specific, articulable facts of the case in arguing that defendant posed a real and present threat to the safety of Zamudio. The State pointed out that Zamudio was pregnant and that defendant told her "I hope you and the baby die." This statement alone shows that defendant posed a real and present threat to the safety of Zamudio. Additionally, defendant's driving offenses were referenced to show that defendant was incapable of complying with simple court orders, not to show that defendant posed a real and present threat to the safety of Zamudio.

¶ 19    Defendant also argues that the State did not show that defendant had any prior domestic violence history, therefore, they did not prove that he poses a real and present threat to the safety of Zamudio. However, defendant again is asking us to impose a higher burden on the State than is required by statute. We decline to do so. The State proved by clear and convincing evidence that defendant posed a real and present threat to the safety of Zamudio based on the specific, articulable facts of the case.

¶ 20    Defendant's third contention is that the State failed to prove by clear and convincing evidence that no condition or combination of conditions would mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or the defendant's willful flight. In determining what conditions, if any, would ensure the safety of any person, a trial court "shall, on the basis of available information, take into account" certain factors. 725 ILCS 5/110-5(a) (West 2022). Under subsection (a)(6), when a defendant is charged with aggravated domestic battery, as is the case here, the trial court may consider additional factors, including: whether the person has a history violating the orders of any court or governmental entity; whether the personal has been, or is, potentially a threat to any other person; whether the person has a history of abusing alcohol or any controlled substance; the severity of the alleged incident that is the basis of the alleged offense, including, but not limited to, the duration of the current incident, and whether the alleged incident involved the use of a weapon, physical injury, sexual assault, strangulation, abuse during the alleged victim's pregnancy, abuse of pets, or forcible entry to gain access to the alleged victim; and whether the person has expressed suicidal or homicidal ideations. 725 ILCS 5/110-5(a)(6)(D), (E), (G), (H), (K) (West 2022).

¶ 21    Here, the State proffered evidence showing the defendant has a history of non-compliance with simple court orders, which the trial court appropriately took to mean that the defendant would

not comply with a no-contact order. The synopsis provided also shows the egregious nature of the offense, involving strangulation of a pregnant woman and homicidal ideations by the defendant. All factors the trial court could consider in determining if conditions of pretrial release would ensure the safety of the victim. The record is abundant with facts sufficient to support a finding that no condition or combination of conditions of pretrial release would ensure the safety of the victim. For that reason, we disagree with defendant's argument that the State failed to prove by clear and convincing evidence that no condition or combination of conditions would mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or the defendant's willful flight.

¶ 22    Lastly, defendant argues that the court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor. This argument is misplaced. The State proceeded on its petition for pretrial detention on the basis of dangerousness, not willful flight. The trial court's findings only regarded defendant's dangerousness. Notwithstanding, we disagree with defendant's argument. The record shows that defendant had multiple failures to appear in previous cases. It follows that a defendant who has previously failed to appear and shows a flagrant disregard for orders of the court would not feel compelled to appear for later hearings. Accordingly, defendant's final argument fails as well.

¶ 23                                III. CONCLUSION

¶ 24    Accordingly, we find that the trial court did not abuse its discretion and we affirm the judgment of the circuit court of Kane County.

¶ 25    Affirmed.