2024 IL App (2d) 230400-U
No. 2-23-0400
Order filed January 3, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CM-1686 |
| JOHN S. KEOUGH, | ) ) ) | Honorable Salvatore LoPiccolo, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE MULLEN delivered the judgment of the court.
Presiding Justice McLaren and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err in finding that the State met its burdens of proving that the proof is evident or presumption great that defendant committed the charged offenses, that defendant presented a threat to any persons or the community, and that no conditions of release would mitigate that threat; provision requiring State to provide victim with notice of hearing did not create right upon which defendant could base claim for relief.

¶ 2    Defendant, John S. Keough, appeals an order of the circuit court of Kane County granting the State's petition to deny him pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)) (we will refer to article 110 as the "Pretrial Fairness Act").  For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     Defendant was charged with a violation of an order of protection after having been served notice (720 ILCS 5/12-3.4(a)(2) (West 2022)), a class A misdemeanor and a violation of conditions of pretrial release where the victim of the offense was a family member (720 ILCS 5/32-10(b) (West 2022)), also a class A misdemeanor.  Defendant does not contest the trial court's ruling that he was charged with a qualifying offense under section 110-6.1(a)(3) of the Code (725 ILCS 5/110-6.1(a)(3) (West 2022)).

¶ 5     The State's petition alleged defendant's pretrial release posed "a real and present threat to the safety of any person or persons or the community."  It further alleged that defendant had two other cases pending in Kane County: case No. 2023-CM-1479 (violation of an order of protection (720 ILCS 5/12-3.4 (West 2022))) and case No. 2023-CM-1506 (violation of an order of protection (720 ILCS 5/12-3.4 (West 2022)) and resisting or obstructing a peace officer (720 ILCS 5/31-1(a) (West 2022))).

¶ 6     A hearing was held on the State's petition.  The State represented that the police had notified the victim of the hearing.  The State tendered synopses of the charged offenses as well as of the two additional pending cases.  The State then proffered that, in an earlier case (case No. 23-OP-1316) an order of protection had been issued against defendant regarding the victim in this case.  All three pending cases involved violations of the earlier order of protection.  The first case (No. 2023-CM-1479) concerned events occurring on August 28, 2023, when it is alleged that he contacted the victim by phone.  The second (No. 2023-CM-1506) involved events occurring on September 1, 2023, when defendant is alleged to have fled officers after throwing rocks at the victim's window and leaving her a message stating that she and anyone else in her apartment were going to die.

¶ 7     The instant case (the third one) involves allegations that, on September 29, 2023, defendant called the victim several times. She answered the first time and hung up when she recognized defendant's voice. She then did not answer several calls from a blocked phone number. She left for work at about 10:20 a.m., and, as she pulled out of her secured garage, defendant approached her vehicle on foot and began banging on the driver's side window. The victim stopped the car, and defendant pulled on the car's door handle, which broke off completely. He left with the handle and then texted the victim to attempt to coordinate returning it. The police arrived. The victim answered another call from defendant, now in the presence of the police. She recognized defendant's voice. During the call, defendant asked the victim why she had called the police.

¶ 8     The State pointed to what it characterized as the "escalating nature of these offenses." The State also reviewed defendant's criminal history. It noted that defendant had been convicted of criminal damage to property, unlawful possession of a stolen vehicle, and certain offenses as a juvenile.

¶ 9     Defense counsel initially responded that the State had not carried its burden of presenting clear and convincing evidence "in the absence of the complaining witness and having her only been contacted by the police rather than the State and not appearing today." Counsel further asserted that defendant had obtained permission to stay at a residence in Joliet, where he could be placed on electronic home monitoring. Counsel also assured that defendant would abide by orders of the court and the existing order of protection. Defendant would be willing to comply with "substance abuse evaluation and treatment." Defendant has a job and is able to drive himself to court.

¶ 10    The State responded that electronic home monitoring would "only tell us where he is, it wouldn't stop him from doing the things he's allegedly done in the past." It noted that defendant

had already, on two occasions, failed to abide by the order of protection at issue in this case. The State argued that electronic home monitoring would not provide adequate protection for the victim.

¶ 11    The trial court granted the State's petition. It first stated that it had considered the factors regarding dangerousness set forth in section 110-6.1(g) of the Code (725 ILCS 5/110-6.1(g) (West 2022)). It found that the State had established by clear and convincing evidence that the proof was evident or the presumption great that defendant had committed the charged offenses. The trial court rejected defendant's claim that the State had to present live testimony to sustain its burden. The court noted that defendant called the victim while the police were present, so there were two witnesses to this violation of the order of protection. Regarding dangerousness, the trial court observed that defendant had violated the original order of protection three times in approximately one month. It described the confrontational nature of the violations, which included throwing rocks and damaging the victim's car. Moreover, the trial court found that the State had proven that no conditions of release could adequately mitigate this threat. The trial court ordered defendant detained, and this appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, defendant raises three main issues. First he contends that the trial court erred in finding that the State had proven, by clear and convincing evidence, that the proof is evident or presumption great that defendant committed the charged offenses because (1) it relied on proffers of police synopses rather than live testimony and (2) there is no indication that the State contacted the complaining witness (though the record indicates that the police did so). Second, defendant argues that the State failed to prove dangerousness by clear and convincing evidence because it relied on synopses and presented no live testimony. Third, defendant asserts that the trial court

erred in finding that no conditions of release would mitigate the threat to the victim that his release would present. We find none of these contentions well founded.

¶ 14 We apply the manifest-weight standard to the trial court's factual findings—including whether a defendant poses a threat and whether any conditions would mitigate that threat. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. A finding is against the manifest weight of the evidence only if an opposite conclusion is clearly apparent. *In re Marriage of Kavchak*, 2018 IL App (2d) 170853, ¶ 65. The ultimate question of whether a defendant should be detained is reviewed using the abuse-of-discretion standard; therefore, we will reverse only if no reasonable person could agree with the trial court. *Trottier*, 2023 IL App (2d) 230317, ¶ 13.

¶ 15                              1. Proof Of Commission Of A Qualifying Offense

¶ 16 Defendant first argues that the State failed to meet its burden of establishing that the proof is evident or presumption great that he committed the offenses of which he is charged. See 720 ILCS 5/110-6.1(e)(1) (West 2022). His sole complaint is that the State failed to present live testimony. According to defendant, simply proffering police synopses is insufficient. Clearly, the Pretrial Fairness Act requires proof of this proposition by clear and convincing evidence. *Id*. However, it also plainly contemplates the State proceeding by proffer. See 720 ILCS 5/110-6.1(f)(2) (West 2022). Defendant's argument is inconsistent with the plain language of the Pretrial Fairness Act. Moreover, we flatly rejected a similar argument in *People v. Robinson*, 2023 IL App (2d) 230345-U, ¶¶ 9-10. This argument fails.

¶ 17 Defendant also argues that he is entitled to relief because the police, rather than the State, notified the victim of the hearing. It is clear that the State is obligated to notify the victim of such a hearing (720 ILCS 5/110-6.1(m)(1) (West 2022)); however, it is unclear why this would create a right that would entitle a defendant to relief. Indeed, section 110-6.1(m)(1) states: "Crime

victims shall be given notice by the State's Attorney's office of this hearing as required in paragraph (1) of subsection (b) of Section 4.5 of the Rights of Crime Victims and Witnesses Act and shall be informed of their opportunity at this hearing to obtain a protective order." *Id.*; see also 725 ILCS 120/4.5(b) (West 2022). The legislation referenced in this passage—the Rights of Crime Victims and Witnesses Act—elsewhere states, "Nothing in this Act shall create a basis for vacating a conviction or a ground for relief requested by the defendant in any criminal case." 725 ILCS 120/9 (West 2022). Nothing here provides us with a basis to disturb the trial court's decision.

¶ 18                                     2. Dangerousness

¶ 19     Defendant next argues that the trial court erred in finding that the State met its burden of proving, by clear and convincing evidence, that he constituted a threat to any person or persons or the community. 720 ILCS 5/110-6.1(e)(2) (West 2022). He again argues that the State could not carry this burden without presenting live testimony. We rejected that argument above, and we find it no more persuasive here. Defendant also asserts that the "State presented no evidence that [the] complaining witness was physically harmed in any manner by defendant." We find this an extraordinary proposition because it disregards any psychological or emotional harm the victim may have suffered. More importantly, defendant calls our attention to no rule of law that would require a court to wait until a victim is physically harmed before acting, and the authority we have located suggests otherwise. See *In re Robin C.*, 385 Ill. App. 3d 513, 529 (2008)(court is not required to wait until respondent harms himself or another in mental health commitment); *In re Kenneth D.*, 364 Ill. App. 3d 797, 801 (2006)(courts are not required to refrain from action to protect minor child until another child is injured). We also note that defendant's conduct had progressed from mere communication to rock throwing and direct confrontation. In short, we find this argument unpersuasive.

¶ 20                                    3. Conditions Of Release

¶ 21    Finally, defendant argues that the trial court's finding that no conditions of release would mitigate the threat to the victim that his release would present is contrary to the manifest weight of the evidence.  See 720 ILCS 5/110-6.1(e)(2) (West 2022).  Defendant asserts that electronic home monitoring at a residence separate from the victim would be sufficient to mitigate the threat he poses.  The trial court concluded otherwise, and we cannot say that an opposite conclusion to the trial court is clearly apparent.  Notably, defendant violated an existing order of protection three times.  Moreover, in one alleged instance, defendant called the victim and asked why she had called the police. From this behavior, it is inferable that defendant chose to violate the order of protection despite the police presence and further inferable that remote electronic monitoring would be less of a deterrent.  We cannot conclude that the trial court's finding on this issue is against the manifest weight of the evidence.  Further, in light of the trial court's findings, its decision to detain defendant was not an abuse of discretion.

¶ 22                                    III. CONCLUSION

¶ 23    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 24    Affirmed.